IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE DARLENE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 4:16-cv-00465-GBC<br><br>(MAGISTRATE JUDGE COHN)<br><br>OPINION AND ORDER TO DENY PLAINTIFF'S APPEAL |

## OPINION AND ORDER TO DENY PLAINTIFF'S APPEAL

This matter is before the undersigned United States Magistrate Judge for decision. Plaintiff Jackie Darlene Wilson ("Plaintiff") seeks judicial review of the Commissioner of the Social Security Administration's decision finding of not disabled. As set forth below, the Court **DENIES** Plaintiff's appeal and **AFFIRMS** the Commissioner's decision in this case.

## I. STANDARD OF REVIEW

To receive disability or supplemental security benefits under the Social Security Act ("Act"), a claimant bears the burden to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord 42 U.S.C. § 1382c(a)(3)(A).

---

[1] Effective January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Commissioner Berryhill is automatically substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Plaintiff must demonstrate the physical or mental impairment "by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750. The claimant bears the burden of proof at steps one through four. See Wells v. Colvin, 727 F.3d 1061, 1064 at n.1. (10th Cir. 2013). If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See e.g., 42 U.S.C. § 405(g) ("court shall review only the question of conformity with such regulations and the validity of such regulations"); Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. Substantial evidence "does not mean a large or considerable amount

of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the [Administrative Law Judge's] findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## II. BACKGROUND

**A.     Procedural History**

In March 2014, Plaintiff protectively filed an application for disability insurance benefits. (Doc. 13, Tr. 147-53). She claimed she became disabled on March 24, 2014, due to back, neck, and knee problems, carpal tunnel syndrome, high blood pressure, diabetes, arthritis, sleep apnea, and anxiety. (Tr. 181). Following a hearing in December 2015 (Tr. 34-65), an administrative law judge ("ALJ"), in a decision dated February 18, 2016, concluded Plaintiff was not disabled within the meaning of the Act. (Tr. 17-29). At the time of that decision, Plaintiff was 60 years old. (Tr. 160), and she possessed a high school (and some vocational) education. (Tr. 182). The Appeals Council declined review of the ALJ's decision. (Tr. 1-5). This appeal followed.

## III. ISSUES AND ANALYSIS

On appeal, Plaintiff alleges the following error: The ALJ's findings at step four of the sequential evaluation process were legally flawed and not supported by substantial evidence. (Pl. Br. at 4, Doc. 16).

**A.     ALJ's Step Four Evaluation of Plaintiff's Past Work**

Plaintiff states the ALJ erred by finding her capable of returning to past composite work as actually or generally performed. (Pl. Br. at 4-5). In the decision, the ALJ assessed Plaintiff's severe impairments and residual functional capacity ("RFC"), prior to evaluating whether she could perform past work.

> The claimant has the following severe impairments: obesity, lumbar spine impairment, cervical spine impairment, hand pain status post carpal tunnel surgery 20 years ago, and thoracic lumbar spine impairment …
>
> The claimant is able to lift or carry, push or pull twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours out of an eight-hour day and stand or walk a combined total of six hours out of an eight-hour day. The claimant can frequently handle, finger, and feel with her bilaterally upper extremities.

(Tr. 19, 21). Plaintiff does not dispute the ALJ's findings in steps one through three, or the findings of the RFC.

**1.     Composite Past Work**

Plaintiff states the ALJ erred by failing to consider Plaintiff's past work as composite. (Pl. Br. at 6-8). The ALJ found Plaintiff was "capable of performing past relevant work as a cosmetologist or hairdresser. This work does not require the performance of work-related activities precluded by the claimant's [RFC] … the vocational expert testified that the claimant is able to perform it as actually and generally performed." (Tr. 29.) Plaintiff contends the positions of hairdresser and cosmetologist fall under different Dictionary of Occupational Titles ("DOT") occupations and therefore the past work was composite in nature. (Pl. Br. at 7). Plaintiff cites the two DOT sections in support of her argument:

> **Hair Stylist or Hairdresser**
>
> Specializes in dressing hair according to latest style, period, or character portrayal, following instructions of patron, Make-Up Artist (amuse. & rec.; motion picture; radio-TV broad.), or script: Questions patron or reads instructions of Make-

>     Up Artist (amuse. & rec.; motion picture; radio-TV broad.) or script to determine hairdressing requirements. Studies facial features of patron or performing artist and arranges, shapes, and trims hair to achieve desired effect, using fingers, combs, barber scissors, hair-waving solutions, hairpins, and other accessories. Dyes, tints, bleaches, or curls or waves hair as required. May create new style especially for patron. May clean and style wigs. May style hairpieces and be designated Hairpiece Stylist (fabrication, nec) …
>
>     **Cosmetologist (alternate titles beautician, beauty culturist, beauty operator, or cosmetician)**
>
>     Provides beauty services for customers: Analyzes hair to ascertain condition of hair. Applies bleach, dye, or tint, using applicator or brush, to color customer's hair, first applying solution to portion of customer's skin to determine if customer is allergic to solution. **Shampoos hair and scalp** with water, liquid soap, dry powder, or egg, and rinses hair with vinegar, water, lemon, or prepared rinses. Massages scalp and gives other hair and scalp-conditioning treatments for hygienic or remedial purposes [Scalp-Treatment Operator (personal ser.) 339.371-014]. Styles hair by blowing, cutting, trimming, and tapering, using clippers, scissors, razors, and blow-wave gun. Suggests coiffure according to physical features of patron and current styles, or determines coiffure from instructions of patron. Applies water or waving solutions to hair and winds hair around rollers, or pin curls and finger-waves hair. Sets hair by blow-dry or natural-set, or presses hair with straightening comb. Suggests cosmetics for conditions, such as dry or oily skin. Applies lotions and creams to customer's face and neck to soften skin and lubricate tissues. Performs other beauty services, such as massaging face or neck, shaping and coloring eyebrows or eyelashes, **removing unwanted hair**, applying solutions that straighten hair or retain curls or waves in hair, and waving or curling hair. Cleans, shapes, and polishes fingernails and toenails [Manicurist (personal ser.) 331.674-010]. May be designated according to beauty service provided as Facial Operator (personal ser.); Finger Waver (personal ser.); Hair Colorist (personal ser.); Hair Tinter (personal ser.); Marceller (personal ser.); Permanent Waver (personal ser.); Shampooer (personal ser.).

(Pl. Br. at 6-7) (citing DICOT Nos. 332.271-018, 332.271-010) (bold / underline emphasis added) (caps removed). Plaintiff states her past work was composite because the DOT lists the occupations under two sections. (Pl. Br. at 7). Plaintiff also states she performed the work as a hairdresser in addition to the shampooing and hair removal duties listed under the cosmetology section. Id. Recently in March 2017, a district court in Kentucky analyzed composite jobs and the regulations:

>     To begin, Green takes issue with the ALJ's finding that he is capable of performing his past relevant work as a human resource specialist as that job is "generally performed in the national economy," instead of treating his position as

5

> a "composite job." A "composite job" is a job that has "significant elements of two or more occupations and, as such, have no counterpart" in the Dictionary of Occupational Titles. SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982). Green argues that the ALJ may not, per the Commissioner's guidance, deny a claim at step four by finding that a claimant remains capable of performing a composite job "as generally performed." (citing Soc. Sec. Admin., Program Operations Manual System (POMS) § DI 25005.020(B) (2011)).] The Court disagrees for three reasons.
>
> First, Green's reliance on the Commissioner's statement in the POMS to show that the ALJ erred as a matter of law goes too far. Although the Court may rely on a POMS policy statement as persuasive authority, it lacks the force and effect of law. Davis v. Sec. of Health & Hum. Servs., 867 F.2d 336, 340 (6th Cir. 1989).
>
> Second, Green has not shown that the ALJ erred in failing to consider the Army human resource specialist position as a composite job. Green's testimony about his three years as a human resource specialist did little to illuminate how that position could be a composite job. He described the job as "desk work" where he processed orders for service members. Later, he clarified that the job involved lifting heavy boxes. His testimony fell short of meeting his burden that the human resources job was a composite job because it had "significant elements of two or more occupations." SSR 82-61, 1982 WL 31387, at *2. …
>
> Green answered that he was a mechanic and later described his work as a human resource specialist. Still, he provided no testimony that his job as a human resource specialist required him to handle firearms, maintain physical fitness, or undertake other activity sufficient to show that it was a composite job. Green's testimony falls short of meeting his burden to show that the human resources job was a composite job. See Wright-Hines v. Comm'r of Soc. Sec., 597 F.3d 392, 396 (6th Cir. 2010).
>
> All things considered, Green has not shown that the ALJ erred by failing to consider his prior work experience as a composite job. Therefore, the ALJ committed no error in considering whether Green could perform that position as generally performed in the national economy.

Green v. Comm'r of Soc. Sec., No. 315CV00910-TBR-CHL, 2017 WL 1160580, at *2–3 (W.D. Ky. Mar. 28, 2017) (internal citations omitted). Similar in this case, Plaintiff did not establish her past work was composite. Although hair stylist / hairdresser does not include shampooing or hair removal, Plaintiff did not establish these duties were a significant part of her job. Moreover, the duties are within the definition of cosmetologist, which the ALJ found Plaintiff could perform as

6

past work. A district court for the Middle District of Pennsylvania similarly found the plaintiff did not establish composite past work:

> [The Commissioner] concludes that, pursuant to SSR 82-61, and the circumstances of this case, Plaintiff did not satisfy his step four burden of showing that his manager's position involved "significant elements" of any other job, and, therefore, he did not show that the ALJ erred in finding that Plaintiff could do his past relevant work as a manager as generally performed …
>
> Furthermore, [the Court notes] Plaintiff merely asserts in a conclusory fashion that his job as actually performed involved "significant elements" that are not included in the DOT description. He does not show that these were "main duties" of his past relevant work which suggested that he performed a composite job pursuant to the cited POMS. Similarly, Plaintiff makes no showing that this is a case falling under the "Further Information" section at the end of SSR 83-61 regarding cases involving "significant variations between a claimant's description and the description shown in the DOT" which notes that "composite jobs have significant elements of two or more occupations and, as such, have no[] counterpart in the DOT." 1982 WL 31387, at *2 …
>
> Here, Plaintiff points to functions in excess of the DOT managerial description—delivering pizzas, unloading delivery trucks, and answering the telephone—and his testimony indicates that he could not perform the delivery and unloading functional demands / job duties. Plaintiff does not argue he cannot perform the job as ordinarily performed, i.e., the position as described in the DOT. Plaintiff has not shown that he had a "composite job" which operated as a matter of law against an adverse finding at step four and he has not argued that his RFC would not allow him to perform a manager job as generally performed. Therefore, the current record does not show the ALJ erred in finding that Plaintiff could perform the manager job as generally performed and the error in the determination that Plaintiff could do the job as actually performed would be deemed harmless.

Blum v. Berryhill, No. 3:16-CV-2281, 2017 WL 2463170, at *11 & n.7 (M.D. Pa. June 7, 2017). In this case, Plaintiff did not present testimony or argument before the ALJ to establish a composite past job. Although her work included other duties of shampooing in hair removal, she has not shown they were significant variations "of two or more occupations and, as such, have no counterpart in the DOT." Blum, 2017 WL 2463170, at *11 n.7 (citing SSR 82-61, 1982 WL 31387, at *2). Thus, Plaintiff did not establish her past work was composite. Moreover, even if there was

7

some element of composite, the ALJ did not "cull" Plaintiff's responsibilities in order to craft past work that met the RFC:

> Compare Druckerman v. Colvin, No. EDCV 13–01836–JEM, 2014 WL 5089398, at *7 (C.D. Cal. Oct.9, 2014) (affirming ALJ's determination that claimant could perform past work as described in one DOT occupation even though work was "composite or hybrid job with significant elements of two occupations" because ALJ did not "parse out or exclude" significant functions), with Melendez v. Colvin, No. CV 14–719–PLA, 2014 WL 6630013, at *4 (C.D. Cal. Nov.21, 2014) (remanding in part because at step four ALJ "isolate[d] a specific task from the myriad of tasks" Plaintiff had performed in past composite job).

Cook v. Colvin, No. CV 13-7704-JPR, 2015 WL 162953, at *8 (C.D. Cal. Jan. 13, 2015). Even if Plaintiff's argument stretches to classify the past work as hybrid or composite, the ALJ did not attempt to isolate certain duties Plaintiff could perform. Finally, the DOT identifies both occupations of hairdresser / hair stylist and cosmetologist as semi-skilled (SVP 6) and light in exertion. (See DOT Nos. 332.271-018, 332.271-010). Accordingly, even if the ALJ erred by failing to call Plaintiff's past work "composite," the ALJ found Plaintiff could perform both positions; both positions meet the light work limitations in the RFC; so the error would be harmless.

### 2. Past Work as Actually and Generally Performed

Plaintiff states the ALJ erred by finding Plaintiff could return to her past work as actually and generally performed. (Pl. Br. at 8). The ALJ found Plaintiff was "capable of performing past relevant work as a cosmetologist or hairdresser … the vocational expert testified that the claimant is able to perform it as actually and generally performed." (Tr. 29.) Plaintiff contends she cannot perform her past work as generally performed since it was composite. (Pl. Br. at 7-8). However, since Plaintiff did not establish her prior work as composite, the ALJ could rely on how the past work is performed generally, in the national economy. Moreover, Plaintiff had counsel at the agency level, and at the ALJ hearing, Plaintiff's attorney had no questions for the vocational expert,

and offered no additional limitations to the hypothetical question ultimately adopted by the ALJ as Plaintiff's RFC. (See Tr. 59-60); see also Glass v. Shalala, 43 F.3d 1392, 1396-97 (10th Cir. 1994) (right to cross-examine waived). A district court in Colorado found Plaintiff did not establish the past work was composite, and the ALJ did not err in finding the plaintiff could return to past work as generally or actually performed.

> Plaintiff argues that the ALJ erred because her past relevant jobs as a cashier and a receptionist were "composite jobs." A "claimant bears the burden of proving his inability to return to his particular former job and to his former occupation as that occupation is generally performed throughout the national economy." Barker v. Astrue, 459 Fed. App'x. 732, 741 (10th Cir. 2012). Plaintiff has not shown that she could not perform her past relevant work or shown that her past relevant jobs had significant elements from multiple occupations. In fact, in his decision, the ALJ stated that a vocational expert determined that Plaintiff could perform her past relevant work as a cashier and receptionist as they are generally performed in the national economy, and as they were actually performed by Plaintiff. Nothing in the mental requirements of the job conflict with the RFC findings made by the ALJ.

Cutler v. Colvin, No. 14-CV-01863-CMA, 2015 WL 1433282, at *6 (D. Colo. Mar. 26, 2015) (unpublished).[2] Similar to this case, Plaintiff's prior work as a hairdresser / hair stylist and cosmetologist are categorized as light in exertion, which meet the limitations for light work in the RFC. (See DOT Nos. 332.271-018, 332.271-010).

Plaintiff contends she also cannot perform her past work as actually performed because she occasionally lifted up to 45 pounds and frequently lifted up to 18 pounds. (Pl. Br. at 8) (citing Plaintiff's disability report, Tr. 183). In the RFC, the ALJ found Plaintiff "is able to lift or carry, push or pull twenty pounds occasionally and ten pounds frequently." (Tr. 19, 21). Although Plaintiff stated in the disability report she lifted in excess of the ALJ's limitations in the RFC, she did not establish her past work could not be performed generally at light exertion. The Tenth

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

9

Circuit has found the burden is on the plaintiff to establish the inability to do past work as actually or generally performed:

> [A]t step four it is Ms. Adams's burden to establish that she is unable to perform her past relevant work as a scanner operator both as she actually performed that work in the past and as it is generally performed in the national economy. See O'Dell v. Shalala, 44 F.3d 855, 859–60 (10th Cir. 1994); *395 Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1051 (10th Cir. 1993). The ALJ found— based on Ms. Adams's description of her past job duties and the vocational expert's testimony—that her past work as a scanner operator with the Salt Lake City police fell within the definition of "scanner operator," as that job is defined by the Dictionary of Occupational Titles (DOT).

Adams v. Colvin, 616 F. App'x 393, 394–95 (10th Cir. 2015). Thus, the ALJ relied on the vocational expert testimony as well as Plaintiff's testimony to find she could perform past work as actually and generally performed. See 20 C.F.R. § 404.1560(b)(2). A district court in Virginia found even though the plaintiff's past work may have been performed at a higher exertion, it was not the standard as generally performed in the national economy.

> Although the plaintiff's prior job as a cashier/stocker may well have involved exertional demands significantly in excess of those generally required by employers in the national economy for work as a cashier, she must still demonstrate that she is also unable to perform the functional demands and job duties of the position as generally required by employers nationwide. Klawinski v. Comm'r of Soc. Sec., 391 Fed. App'x. 772, 774 (11th Cir. 2010) (citing SSR 82–61). Having failed to do so, one is constrained to conclude that substantial evidence supports the ALJ's finding that the plaintiff performed past work involving only a light level of exertion.

Womble v. Astrue, 2011 WL 902420, at *5 (W.D. Va. Mar. 15, 2011), report and recommendation adopted, 2011 WL 1219233 (W.D. Va. Mar. 31, 2011). Thus, in this case, Plaintiff did not establish her past work exceeded the limitations of the RFC, as generally or actually performed.

Therefore, the record provided substantial evidence to support the ALJ's decision Plaintiff could perform past work. The Tenth Circuit has explained the standard for substantial evidence, and it is not the reviewing court's position to reweigh the evidence or substitute judgment.

"In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." Branum v. Barnhart, 385 F.3d 1268, 1270 (10th Cir. 2004). Rather, we examine the record as a whole to ascertain whether the ALJ's decision to grant benefits for a closed period, and to deny benefits thereafter, is supported by substantial evidence and adheres to the correct legal standards. See Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). It is "more than a scintilla, but less than a preponderance." Id.

Newbold v. Colvin, 718 F.3d 1257, 1262 (10th Cir. 2013). Accordingly, the decision provides substantial evidence a reasonable mind might accept as adequate to support the ALJ's conclusion Plaintiff could perform her past work as a hairdresser / hair stylist or cosmetologist in the national economy.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's appeal and **AFFIRMS** the Commissioner's decision in this case.

SO ORDERED this 30th day of August, 2017.

**Gerald B. Cohn**
**United States Magistrate Judge**